IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES HENRY ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-5039-N |
| | § | |
| BAYLOR UNIVERSITY | § | |
| MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

This Order addresses Defendant Baylor University Medical Center's ("Baylor") motion for summary judgment [13]. The Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

This dispute arises from Plaintiff Charles Henry Anderson's employment with Baylor. Anderson, an African-American male, began working for Baylor in 1983 and was eventually promoted to Radiology Supervisor. In this role, Anderson supervised approximately fifty employees. On May 3, 2011, an employee that Anderson supervised made a complaint with Human Resources Consultant, Lily Lieu, that Plaintiff had made inappropriate sexual comments in the workplace. After receiving another complaint by a separate individual less than two weeks later, Lieu initiated an investigation into the conduct. Baylor suspended Anderson on June 14, 2011 and terminated his employment two days later.

Anderson brought suit against Baylor. He asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), for discrimination and hostile work

environment based on race and sex. Although he initially also asserted claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), for discrimination and hostile work environment based on age, he has since waived this claim, and the Court need not address it.[1]

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the movant bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the

---

[1]In his response to the motion for summary judgment, Anderson stated "Plaintiff does not elect to prosecute Plaintiff's age discrimination claims under the ADEA." Pl.'s Resp. 20 [16]. Anderson did not otherwise respond to Baylor's motion for summary judgment on the ADEA claims.

nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT TO BAYLOR ON ANDERSON'S TITLE VII CLAIMS

#### A. Anderson Has Not Established His Title VII Discrimination Claim

***1. Standard for Discrimination Claims.*** - The *McDonnell Douglas* burden-shifting framework governs claims for discrimination based on race and sex under Title VII. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). First, a plaintiff must establish a prima facie claim for discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was the subject of an adverse employment action; and (4) he

was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011) (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)); *see also McDonnell Douglas*, 411 U.S. at 802. Second, if the plaintiff is successful, the burden of production – but not the burden of proof – shifts to the defendant, which must proffer a legitimate, nondiscriminatory reason for the challenged employment action. *Lee*, 574 F.3d at 259 (citing *McDonnell Douglas*, 411 U.S. at 802). Third, if the defendant articulates a legitimate, nondiscriminatory reason, the plaintiff must show that (1) the defendant's reason is not true, but is instead a pretext for discrimination; or (2) the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

***2. Baylor Has Introduced A Legitimate Reason for Anderson's Discharge.* –** Assuming, without deciding, that Anderson has made out his prima facie case, Baylor has proffered a legitimate, nondiscriminatory reason for his termination. It maintains that Anderson's "repeated inappropriate conduct violated Baylor's Personal Conduct Policy ['Personal Conduct Policy'] and Baylor's Equal Opportunity and Preventing Harassment and Discrimination in the Workplace Policy ['Harassment and Discrimination Policy']." Def.'s Mot. Summ. J. Br. 5 [14]. Baylor has submitted evidence that on two occasions employees

who reported to Anderson complained to Human Resources Consultant, Lily Lieu, that Anderson had made sexual comments that made other employees feel uncomfortable. Aff. of Lily Lieu ¶¶ 2, 3, *in* Def.'s Mot. Summ. J. App. Ex. B [15–5] ("Lieu Aff."). After the first complaint, Stephan Lopez, Anderson's supervisor, verbally counseled Anderson regarding the inappropriate comments. Aff. of Stephan Lopez ¶ 3, *in* Def.'s Mot. Summary J. App. Ex. C [15–13]. Lopez notified Anderson that further inappropriate comments in the workplace could lead to further corrective action. *Id.* at ¶ 3.

After the second complaint, Lieu conducted an investigation, during which she spoke to seven Baylor employees who worked with Anderson. Lieu Aff. ¶¶ 4–5. Lieu made reports of her conversations with each of these employees. Five of the seven employees stated that they had witnessed Anderson make inappropriate comments or engage in inappropriate behavior. *Id.* at ¶ 5. Lieu's Affidavit recounts numerous inappropriate comments by Anderson that employees communicated to her during her investigation. *See id.* As a result of the investigation, Lieu concluded that Anderson had violated the Harassment and Discrimination Policy and the Personal Conduct Policy. *Id.* at ¶ 7. The Harassment and Discrimination Policy provides that "[v]iolation of this Policy will result in corrective action *up to and including separation from employment*." Def.'s Mot. Summ. J. App. 050 (emphasis added). On June 14, 2011, Lopez and Lieu met with Anderson to discuss the complaints and findings of the investigation. *Id.* at ¶ 12. During this meeting, Lopez suspended Anderson, and two days later Anderson's employment was terminated. *Id.* at ¶ 13.

The Court concludes that the evidence provided by Baylor is sufficient to meet its burden of providing a legitimate, nondiscriminatory reason for Anderson's discharge.

***3. Anderson Has Not Shown Pretext or Mixed Motive.*** – Because Baylor has provided a legitimate, nondiscriminatory reason for termination, Anderson must present evidence that either (1) Baylor's reason is a pretext for discrimination ("pretext"); or (2) Baylor's reason, while true, is only one of the reasons for its conduct, and another motivating factor is Anderson's protected characteristic ("mixed-motive"). *Keelan*, 407 F.3d at 341 (quoting *Rachid*, 376 F.3d at 312).

The Court first turns to the issue of pretext. "A plaintiff may establish pretext by showing that a discriminatory motive more likely motivated her employer's decision, such as through evidence of disparate treatment, or that [her employer's] explanation is unworthy of credence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (internal quotation marks omitted) (alteration in original).

> "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient." This court has consistently held that an employee's "subjective belief of discrimination" alone is not sufficient to warrant judicial relief.

*Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999) (quoting *E.E.O.C. v. Louisiana Office of Cmty. Servs.*, 47 F.3d 1438, 1443–44 (5th Cir.1995)).

Anderson first attempts to undermine the investigation that Lieu conducted, which ultimately led to his termination. He dedicates a large portion of his response brief to attacking the credibility and motivations of those employees who made statements about his

inappropriate comments that ultimately led to his termination for violation of company policies. *See* Pl.'s Resp. 6, 8–9, 10–15, 17–18 [20].

As the Fifth Circuit has recently stated, however, "the analysis of whether an alleged violation of an employer's policy is a pretext for discrimination does not turn on whether the employee in fact violated the policy, but rather whether the employer reasonably believed the employee violated the policy and acted based on that belief." *Chamblee v. Mississippi Farm Bureau Fed'n*, 551 F. App'x 757, 760 (5th Cir. 2014); *see also Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165 (5th Cir. 1993) ("[T]he validity of the initial complaint is not the central issue, because the ultimate falseness of the complaint proves nothing as to the employer . . . . The real issue is whether the employer reasonably believed the employee's allegation and acted on it in good faith."); *Jones v. Flagship Int'l*, 793 F.2d 714, 729 (5th Cir. 1986) ("Flagship need not have been correct in its basis for suspending and discharging Jones to show that its actions were motivated for non-retaliatory reasons."); *Dickerson v. Metro. Dade Cnty.*, 659 F.2d 574, 581 (5th Cir. Unit B 1981) (concluding that employer's reasonable belief that employee violated absentee policy was not pretextual even if that belief was wrong). Accordingly, Anderson's attempt to challenge the validity of the statements about his conduct does not prove that Baylor's proffered reason was a pretext. Moreover, Anderson has not shown that Baylor's reliance on the complaints and the statements made during the investigation was not reasonable or done in good faith.

Anderson also attempts to attack the legitimacy of his termination by offering evidence of his outstanding record at Baylor. *See* Pl.'s Resp. 15–17. Baylor's proffered

rationale, however, does not relate to Anderson's performance record, but rather relates to Anderson's violations of Baylor's policies. This argument is accordingly irrelevant to determine pretext.

Finally, Anderson maintains that Baylor did not follow its own progressive discipline policy, which he maintains required a verbal warning, followed by a written warning before a final warning. Pl.'s Resp. 19. He has not, however, submitted any evidence that such a policy existed. In fact, in his own deposition, Anderson stated that there was *no* requirement that there be a verbal warning followed by a written warning before termination. *See* Pl.'s App. 22 [17]. Accordingly, Anderson has not carried his burden of showing that the reason Baylor provided for his discharge is pretextual.

The Court now turns to the issue of mixed motive. "Under the mixed-motive paradigm, a plaintiff need only show that the protected characteristic was a motivating factor for any employment practice, even though other factors also motivated the practice." *Keelan*, 407 F.3d at 340 (internal quotation marks omitted). Anderson does not directly address this theory in his response, and he has not directed this Court's attention to any fact that would support this theory. Moreover, "bald assertions of [] discrimination are inadequate to permit a finding that proscribed discrimination motivated [the employer]'s actions against [the employee]." *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995). Accordingly, Anderson has not carried his burden of showing mixed motive.

Because Anderson cannot prevail on his claim for sex and race discrimination under

Title VII as a matter of law, the Court grants summary judgment in favor of Baylor on this claim.

### B. Anderson Cannot Succeed on His Hostile Work Environment Claim

*1. Standard of Review for Hostile Work Environment Claims.* – To establish a hostile work environment claim under Title VII, a plaintiff must prove that (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). A plaintiff does not need to prove the last element if the harasser was a supervisor with authority over the plaintiff. *See Garcia v. Garland Indep. Sch. Dist.*, 2013 WL 5299264, at *3 (N.D. Tex. 2013) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).

*2. Anderson Has Not Established That the Harassment Was Based on His Sex or Race.* – Anderson appears to maintain that he was subject to harassment by way of being the subject of complaints to Human Resources. *See* Pl.'s Resp. 17–19. Assuming, without deciding, that this is sufficient to satisfy the second element of his hostile work environment claim, Anderson has not established that this harassment was due to his sex or race. Anderson avers, without any evidentiary support, that "[i]n promoting false charges of sexual

harassment against Plaintiff, who otherwise had an outstanding documented record at Baylor, Baylor relied on the widely perceived stereotype that Black men are uncomfortably oversexed." Pl.'s Resp. 13. "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." *Ramsey*, 286 F.3d at 269 (internal quotation marks omitted). As another court has noted, "Fifth Circuit precedent makes it clear that subjective belief of racial motivation cannot import racial animus into an individual's conduct and, without objective evidence, is insufficient to create a *prima facie* claim for hostile work environment under Title VII." *Shaw v. City of W. Monroe*, 2013 WL 1385628, at *5 (W.D. La. 2013) (citing Fifth Circuit cases). Absent such evidence, Baylor is entitled to judgment on Anderson's claim for hostile work environment under Title VII as a matter of law.

## CONCLUSION

For the reasons set out above, the Court grants Baylor's motion for summary judgment.

Signed April 16, 2015.

_____
David C. Godbey
United States District Judge